# United States District Court

# Central District of California



ACTIVISION PUBLISHING, INC., Plaintiff,

v.

RYAN J. ROTHHOLZ, Defendant.

Case No. 2:25-cv-04075-SPG-BFM

DEFENDANT'S MOTION TO TRANSFER VENUE TO THE SOUTHERN DISTRICT OF NEW YORK

Defendant Ryan J. Rothholz, appearing pro se, respectfully requests that the Court transfer this case to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1404(a), in the interest of justice. This request is made only in the alternative, should the Court find that venue and jurisdiction are proper in California.

MEMORANDUM OF POINTS AND AUTHORITIES

I. INTRODUCTION

This case involves a private individual with no meaningful connection to California. Defendant resides in Tennessee and lacks the resources to defend himself across the

country. While Defendant does not concede that New York is the proper venue, it presents a more neutral forum than California.

## II. LEGAL STANDARD

Under 28 U.S.C. § 1404(a), a court may transfer a civil action to any other district where it might have been brought, for the convenience of the parties and witnesses and in the interest of justice. See Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22 (1988); Jones v. GNC Franchising, Inc., 211 F.3d 495 (9th Cir. 2000).

## III. ARGUMENT

Defendant respectfully submits that the Southern District of New York is a more appropriate forum. It offers a neutral legal environment compared to California, and Defendant is willing to appear and litigate there if necessary. This request is made without admitting any allegations, including any facts related to account activity or agreements.

## IV. CONCLUSION

For the foregoing reasons, Defendant requests that, in the event this case is not dismissed, it be transferred to the Southern District of New York pursuant to 28 U.S.C. § 1404(a).

Dated: June 5, 2025

Respectfully submitted,

Ryan J. Rothholz

Nashville, TN

Defendant, Pro Se

NOTICE: Defendant Ryan J. Rothholz moves the Court to dismiss this case pursuant to Rules 12(b)(2) and 12(b)(3), or in the alternative, to transfer venue to the Southern District of New York under 28 U.S.C. § 1404(a).