

# United States District Court

# Central District of California

ACTIVISION PUBLISHING, INC., Plaintiff, v.

RYAN J. ROTHHOLZ, Defendant.

Case No. 2:25-cv-04075-SPG-BFM

DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE

Defendant Ryan J. Rothholz, appearing pro se, respectfully moves this Court to dismiss this action pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3) for lack of personal jurisdiction and improper venue. This motion is based on the following memorandum of points and authorities, the record in this case, and such further matters as the Court may consider.

MEMORANDUM OF POINTS AND AUTHORITIES

I.  INTRODUCTION

Defendant is a resident of Nashville, Tennessee, and has no meaningful contacts with California. He has not directed conduct toward the state of California, entered into

1

contracts there, or otherwise purposefully availed himself of its laws. Forcing Defendant to litigate in California would be unjust, particularly given his limited resources and pro se status.

II. LACK OF PERSONAL JURISDICTION

Under the Supreme Court's holding in Daimler AG v. Bauman, 571 U.S. 117 (2014), general jurisdiction is only proper where the defendant is 'essentially at home.' That place is Tennessee, not California. See also Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915 (2011) (holding that a defendant is subject to general jurisdiction only where it is 'at home').

Further, specific jurisdiction under Bristol-Myers Squibb Co. v. Superior Court, 582 U.S. 255 (2017), requires a clear connection between the forum and the specific claims at issue. Here, Plaintiff has failed to show such a connection. The mere fact that Plaintiff is located in California is not enough. See Walden v. Fiore, 571 U.S. 277 (2014).

III. IMPROPER VENUE

Venue is improper under 28 U.S.C. § 1391(b), which provides that a case must be filed in a district where a substantial part of the events giving rise to the claim occurred, or where the defendant resides if no such district exists. As in Leroy v. Great Western United Corp., 443 U.S. 173 (1979), venue rules are meant to protect defendants from being hauled into distant and inconvenient forums.

IV. INSUFFICIENT SERVICE OF PROCESS

2

Defendant further moves to dismiss under Rule 12(b)(5) for insufficient service of process. Upon information and belief, the individual who delivered the Summons and Complaint to Defendant's residence did so in an aggressive and intimidating manner. The process server repeatedly and violently knocked on the door, alarming Defendant's mother, who resides at the property. She ultimately accepted the documents out of fear for her safety. When she warned the server that such behavior could be mistaken for a breakin, he responded loudly and aggressively, stating: "That's why I always carry, and maybe you should've answered the door sooner."

Although service may be valid under Rule 4(e)(2)(B) when accepted by a person of suitable age and discretion at the defendant's usual place of abode, service obtained through intimidation or coercion fails to meet the due process standards guaranteed by the Constitution. Personal service must be effected in a manner reasonably calculated to apprise the defendant of the action and afford a fair opportunity to respond. Conduct that instills fear or implies a threat undermines this principle.

California courts have recognized that improper service by a process server may give rise to procedural and legal challenges. See *Slaughter v. Legal Process & Courier Service* (1984). While that case involved a false affidavit of service, it reflects the broader principle that courts do not overlook defects in service that impair a party's right to due process.

Plaintiff bears the burden of proving that service was proper. In this instance, that burden has not been met.

3

V. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court dismiss the action for lack of personal jurisdiction and improper venue.

Respectfully submitted,

Dated: July 3, 2025
/s/ Ryan J. Rothholz
Ryan J. Rothholz
Defendant, Pro Se
Nashville, TN

NOTICE: Defendant Ryan J. Rothholz moves the Court to dismiss this case pursuant to Rules 12(b)(2) and 12(b)(3), or in the alternative, to transfer venue to the Southern District of New York under 28 U.S.C. § 1404(a).

Case 2:25-cv-04075-SPG-BFM   Document 19   Filed 07/03/25   Page 4 of 4   Page ID #:108