UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-04075-SPG-BFM | Date | August 22, 2025 |
| Title | Activision Publishing, Inc. v. Ryan Rothholz et al. | | |

| Present: The Honorable | SHERILYN PEACE GARNETT<br>UNITED STATES DISTRICT JUDGE |
|---|---|
| P. Gomez | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceeding:** **(IN CHAMBERS) ORDER GRANTING PLAINTIFF'S EX PARTE APPLICATION FOR ENTRY OF DEFAULT AGAINST DEFENDANT JORDAN NEWCOMBE BOOTHEY [ECF NO. 29, 32]**

Before the Court is Plaintiff Activision Publishing, Inc.'s ("Plaintiff") Ex Parte Application Requesting Entry of Default Against Defendant Jordan Newcombe Boothey and supporting declaration (ECF Nos. 29 ("Application"), 29-1 (Declaration of Mark C. Humphrey ("Humphrey Decl.")). According to the Humphrey Declaration, Defendant Jordan Newcombe Boothey ("Defendant Boothey") was served in Whyalla Stuart, South Australia, but has not appeared in this action, and did not file an Opposition. *See* (Humphrey Decl. ¶¶ 2–4). Having considered Plaintiff's Application and the record before the Court, the Court GRANTS Plaintiff's Application.

I. **Background**

Plaintiff owns and publishes a series of video games known as Call of Duty. (ECF No. 1 ("Compl.") ¶ 1). Plaintiff initiated this action on May 7, 2025, alleging that Defendant Boothey, along with Defendants Ryan Rothholz and Collin Gyetvai (collectively, "Defendants"), developed and sold unauthorized video game software, which provided "malicious players" competitive advantages for playing Plaintiff's video games, thereby harming Plaintiff's business. (*Id.* ¶¶ 1, 11–13).

Plaintiff filed proof of service of summons on Defendant Boothey on August 7, 2025, indicating that Defendant Boothy was served on June 24, 2025, in Whyalla Stuart, South Australia, in compliance with the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters ("Hague Convention"). (ECF No. 26, at 4–7). On August 7, 2025, the Court, on its own motion, issued an Order to Show Cause ordering Plaintiff to show cause why the case should not be dismissed for lack of prosecution because none of the Defendants, including Defendant Boothey, filed an answer to the Complaint. (ECF No. 28). Plaintiff then filed this instant Application on August 20, 2025.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-04075-SPG-BFM | Date | August 22, 2025 |
| Title | Activision Publishing, Inc. v. Ryan Rothholz et al. | | |

(Application). On August 21, 2025, the Clerk issued a notice of deficiency regarding Plaintiff's request for entry of default against Defendant Boothey, checked the line stating "[t]he Clerk is not authorized to process the Default due to the complexities in the service of summons and complaint filed in a foreign country," and forwarded the notice to the Court. (ECF No. 32).

**II.     Discussion**

Default may be entered pursuant to Fed. R. Civ. P. 55(a) "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." For default to be entered, the Court must have jurisdiction over that party, meaning that "the party must have been effectively served with process in the manner prescribed by Federal Rule of Civil Procedure 4." *Karp v. Ramazzotti*, No. 19-cv-3857-PSG-AS, 2020 WL 6115152, at *1 (C.D. Cal. Jan. 24, 2020)

Fed. R. Civ. P. 4(f) sets forth the procedures for service of individuals "not within any judicial district of the United States." Service may be effectuated "by any internally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." Fed. R. Civ. P. 4(f)(1). "[C]ompliance with the [Hague] Convention is mandatory in all cases to which it applies." *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 705 (1988).

"Under the Hague Service Convention, [] service must be effected by the Central Authority of the country in which the defendant is located." *Paige, LLC v. Sage & Paige Collective PTY Ltd.*, No. 2:22-cv-03511-ODW-JEM, 2024 WL 5304856, at *1 (C.D. Cal. Nov. 13, 2024) (citing *Convention Done at the Hague*, art. 3, Nov. 15, 1965, T.I.A.S. No. 6638, 658 U.N.T.S. 163). The Central Authority may serve the defendant either (1) "by a method prescribed by its internal law for the service of documents"; or (2) "by a particular method requested by the applicant, unless such a method is incompatible with the law of the State addressed." *Convention Done at the Hague*, art. 5, T.I.A.S. No. 6638. If a defendant is successfully served, the Central Authority must submit a certificate indicating "that the document has been served and shall include the method, the place and the date of service and the person to whom the document was delivered." *Id.* art. 6. If service has not been effectuated, the Central Authority must submit a certificate that "sets out the reasons which have prevented service." *Id.*

Plaintiff is informed and believes that Defendant Boothey resides in Whyalla Stuwart, Australia. (Compl. ¶ 13). Australia is a signatory to the Hague Convention and, therefore, the Hague Convention rules of service of process govern. *See Paige, LLC*, 2024 WL 5304856, at *1. Plaintiff submitted a certificate that Defendant Boothey was personally served on June 24, 2025, at Whyalla Stewart, Australia. (Humphrey Decl. Ex. A, at 11). Plaintiff also provided a service report from the process server by the Deputy Registrar of the Courts Administration Authority District Court of South Australia Registry, indicating that service on Defendant

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-04075-SPG-BFM | Date | August 22, 2025 |
| Title | Activision Publishing, Inc. v. Ryan Rothholz et al. | | |

Boothey was successful. (*Id.* at 9). Therefore, service on Defendant Boothey was proper under Fed. R. Civ. P. 4(f) and the Hague Convention and the Court has jurisdiction to enter default. *See Paige, LLC*, 2024 WL 5304856, at *1 (describing that service on an Australian defendant was proper because plaintiff filed an affidavit indicating compliance with the Hague Convention); *cf. Lee v. Yonja*, No. 2:23-cv-10677-MCS-E, 2024 WL 3914473, at *1–*2 (C.D. Cal. Apr. 15, 2024) (finding that the Court lacked jurisdiction over a Korean defendant because plaintiff failed to effect proper service under the Hague Convention).

Given that Defendant Boothey was properly served with process on June 24, 2025, and the Court has jurisdiction, his last day to timely respond to the Complaint was July 15, 2025. *See* Fed. R. Civ. P. 12(a)(1)(A)(i). To date, no response has been filed. Thus, Plaintiff's Application satisfies the criteria for entry of default pursuant to Fed. R. Civ. P. 55(a).

The Court GRANTS Plaintiff's Ex Parte Application for Entry of Default and directs the Clerk of the Court to enter default pursuant to Fed. R. Civ. P. 55(a) against Defendant Boothey.

**IT IS SO ORDERED.**

                                                                            : 

Initials of Preparer    pg