United States District Court 

# Central District of California

ACTIVISION PUBLISHING, INC., Plaintiff, v.

RYAN J. ROTHHOLZ, Defendant.

Case No. 2:25-cv-04075-SPG-BFM

**REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS**

I. INTRODUCTION

Plaintiff's opposition expands upon its complaint but fails to cure the fundamental jurisdictional and pleading deficiencies previously raised. Defendant's motion was filed in good faith to preserve his rights and to clarify the limits of this Court's jurisdiction under governing precedent.
While the opposition repeats broad allegations, it does not establish the necessary connection between Defendant's conduct and the State of California, nor does it identify concrete facts sufficient to satisfy Rule 12(b)(6).

II. SPECIFIC JURISDICTION IS NOT ESTABLISHED UNDER WALDEN v. FIORE

Plaintiff relies primarily on Calder v. Jones, 465 U.S. 783 (1984). But the Supreme Court's later decision in Walden v. Fiore, 571 U.S. 277 (2014), clarified that jurisdiction must arise from *"the defendant's own contacts with the forum*

*State,"* not merely from injury felt by a forum resident. Walden was a specific jurisdiction case, not a general one, and it narrowed Calder's reach.

Here, Plaintiff identifies no conduct by Defendant directed toward California itself. The alleged actions occurred entirely outside the forum, and the only asserted nexus is Plaintiff's own location in California. That connection is insufficient under Walden, Axiom Foods, Inc. v. Acerchem Int'l, 874 F.3d 1064 (9th Cir. 2017), and Picot v. Weston, 780 F.3d 1206 (9th Cir. 2015), all of which hold that foreseeable harm to a California company does not, by itself, establish personal jurisdiction.

III. PLAINTIFF'S FACTUAL ALLEGATIONS REMAIN CONCLUSORY

Plaintiff's Opposition relies on broad, generalized claims rather than specific, factual assertions tying Defendant's alleged conduct to California. Assertions that "Defendant developed and distributed software" or that "Plaintiff's developers are based in California" are conclusory under Ashcroft v. Iqbal, 556 U.S. 662 (2009). The Opposition identifies no concrete transactions, contracts, or communications involving California residents. Without non-conclusory factual allegations establishing purposeful direction toward this forum, Plaintiff fails to satisfy the plausibility requirement of Rule 12(b)(6).

IV. VENUE IS NOT PROPER UNDER § 1391(b)(2)

For venue to lie in this District, a *"substantial part of the events or omissions giving rise to the claim"* must have occurred here. 28 U.S.C. § 1391(b)(2). Because the Complaint identifies no in-forum acts by Defendant, the alleged corporate injury in Santa Monica does not satisfy this requirement. Walden and Axiom Foods foreclose venue based solely on a plaintiff's domicile or felt injury.

A plaintiff's chosen forum cannot be bootstrapped into propriety merely because its headquarters feels economic effects there; such an approach would collapse the due-process inquiry into corporate domicile, contrary to *Walden.*

**Moreover, convenience to a California plaintiff does not create jurisdiction or venue.** Administrative efficiency cannot override constitutional due-process limits. *Rio Properties* concerned a Nevada plaintiff suing a foreign entity that

purposefully targeted that state; it did not hold that a plaintiff may choose its home forum solely for convenience. The Ninth Circuit has repeatedly made clear that *plaintiff convenience and corporate headquarters location are not substitutes for a defendant's purposeful contacts with the forum. See Walden*, 571 U.S. at 285–86; *Axiom Foods*, 874 F.3d at 1070. Defendant resides in Tennessee, and the alleged conduct occurred entirely outside California—making this District neither necessary nor efficient within the meaning of § 1391(b)(2).

V. PLAINTIFF'S CFAA THEORY MISAPPLIES NINTH CIRCUIT LAW

Plaintiff's citation to *Facebook v. Power Ventures Inc.*, 844 F.3d 1058 (9th Cir. 2016), omits critical facts. The Ninth Circuit found liability under the CFAA **only after** Facebook both issued a cease-and-desist letter *and* implemented technical blocks that the defendant intentionally bypassed. *Id.* at 1067-68. The court emphasized that "a defendant can run afoul of the CFAA when he or she has no permission to access a computer or when such permission has been revoked explicitly," and that "a violation of the terms of use of a website, without more, cannot be the basis for liability." *Id.*
Plaintiff's own correspondence did not revoke authorization to access its servers or games; it merely demanded cessation of certain business activity. No allegation of technical exclusion or circumvention exists. Absent explicit revocation and enforcement, the Complaint fails to plead "access without authorization" as required by 18 U.S.C. § 1030(a)(2)(C).

VI. CONCLUSION

Plaintiff has not shown a factual or legal basis for personal jurisdiction, venue, or a plausible claim for relief.
Defendant respectfully requests that the Court dismiss the Complaint in its entirety, or alternatively, transfer the matter to an appropriate forum.

NOTICE: Defendant notes that Plaintiff's Opposition includes speculative commentary regarding Defendant's understanding of legal principles. Such remarks are irrelevant and inconsistent with the spirit of the Court's Civility and Professionalism Guidelines.

Respectfully submitted,
Dated: October 22, 2025
/s/ Ryan J. Rothholz
Ryan J. Rothholz
Defendant, Pro Se
Nashville, TN