Ryan Rothholz
Nashville, Tennessee
Appearing Pro Se



FILED
CLERK, U.S. DISTRICT COURT
2/16/2026
CENTRAL DISTRICT OF CALIFORNIA
BY: GSA  DEPUTY
DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACTIVISION PUBLISHING, INC.,<br>  Plaintiff,<br>v.<br>RYAN ROTHHOLZ a/k/a "Lerggy," "Lerg," "Lergster," "The Pimp," "Joker0699," and "Joker"; COLLIN GYETVAI a/k/a "Cid" and "CollinOnDex"; JORDAN NEWCOMBE BOOTHEY a/k/a "Bossnight55" and "Aussie"; DOE 1 a/k/a "Seemo"; DOE 2 a/k/a "CEO," "wndprochandler," and "8485"; and DOES 3 through 10, inclusive,<br>  Defendants. | Case No. 2:25-CV-04075<br>**ANSWER OF DEFENDANT RYAN ROTHHOLZ TO COMPLAINT** |

    Defendant Ryan Rothholz (hereinafter referred to as "Defendant"), answering the Complaint of Plaintiff Activision Publishing, Inc. (hereinafter referred to as "Plaintiff"), hereby admits, denies, and states, based upon personal knowledge and upon information and belief, as follows:

## **PRELIMINARY STATEMENT**

1. Defendant admits that Plaintiff publishes the Call of Duty series of video games. Defendant denies the remaining allegations in Paragraph 1.

2. Defendant admits that Plaintiff sent a cease-and-desist letter in or about June 2023 and that Defendant sent a written response. Defendant denies the remaining allegations in Paragraph 2.

3. Defendant denies the allegations in Paragraph 3.

4. Defendant denies the allegations in Paragraph 4.

5. Paragraph 5 states legal conclusions and requests for relief to which no response is required. To the extent a response is deemed required, Defendant denies that Plaintiff is entitled to any of the relief requested.

## **JURISDICTION AND VENUE**

6. Defendant admits that Plaintiff purports to assert claims under 17 U.S.C. § 1201, 18 U.S.C. § 1030, and California law. Defendant denies that Plaintiff is entitled to any relief.

7. Defendant admits that this Court has subject matter jurisdiction over claims arising under federal law pursuant to 28 U.S.C. §§ 1331 and 1338, but denies that Plaintiff is entitled to any relief.

8. Defendant denies the allegations in Paragraph 8.

   (a) Defendant denies the allegations in Paragraph 8(a).
   (b) Defendant denies the allegations in Paragraph 8(b).
   (c) Defendant denies the allegations in Paragraph 8(c).
   (d) Defendant denies the allegations in Paragraph 8(d).
   (e) Defendant denies the allegations in Paragraph 8(e).
   (f) Defendant denies the allegations in Paragraph 8(f).
   (g) Defendant denies the allegations in Paragraph 8(g).

9. Defendant denies that a substantial part of the events giving rise to Plaintiff's claims occurred in this District, denies that Plaintiff's alleged injuries were suffered in this District in a manner sufficient to establish venue, and denies that venue is proper in this District.

## THE PARTIES

10. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 and therefore denies them.

11. Defendant admits that he resides in Tennessee and has at times used the online handle "Lerggy." Defendant denies the remaining allegations in Paragraph 11, including that he developed or participated in the development of the alleged COD Hacks as described in the Complaint.

12. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 and therefore denies them.

13. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 and therefore denies them.

14. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 and therefore denies them.

15. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 and therefore denies them.

16. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 and therefore denies them.

17. Defendant denies the allegations in Paragraph 17.

18. Defendant denies the allegations in Paragraph 18.

## FACTS APPLICABLE TO ALL CLAIMS

### Activision's Intellectual Property Rights

19.     Defendant admits that Plaintiff publishes the Call of Duty series of video games. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 19 and therefore denies them.

## The COD Games

20.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 and therefore denies them.

21.     Defendant admits that the COD Games generally include multiplayer modes. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 21 and therefore denies them.

22.     Defendant admits that Call of Duty: Warzone is a free-to-play Call of Duty title that uses online services. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 22 and therefore denies them.

23.     Paragraph 23 contains arguments and characterizations to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in Paragraph 23.

## Activision's Efforts To Protect Against Hackers And Cheaters

24.     Defendant denies the allegations in Paragraph 24.

## Technical Protection

25. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 and therefore denies them.

26. Defendant admits that Plaintiff may suspend or ban accounts for violations of its policies. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 26 and therefore denies them.

27. Defendant denies the allegations in Paragraph 27.

## Contractual Protection

28. Defendant is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 28 and therefore denies them.

29. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 and therefore denies them.

30. Defendant admits that Plaintiff publishes a Code of Conduct online. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 30 and therefore denies them.

31. Defendant denies the allegations in Paragraph 31.

32. Defendant denies the allegations in Paragraph 32.

### Rothholz and Lergware

33. Defendant denies the allegations in Paragraph 33.

34. Defendant denies the allegations in Paragraph 34.

35. Defendant denies the allegations in Paragraph 35.

36. Defendant admits that Plaintiff sent a cease-and-desist letter in or about June 2023. Defendant denies the remaining allegations in Paragraph 36.

37. Defendant denies the allegations in Paragraph 37.

38. Defendant denies the allegations in Paragraph 38.

39. Defendant admits that he sent a written response to Plaintiff in or about June 2023. Defendant denies the remaining allegations in Paragraph 39, including any characterization of the contents of the written response.

40. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 and therefore denies them.

**Defendants and GameHook**

41. Defendant denies the allegations in Paragraph 41.

42. Defendant denies the allegations in Paragraph 42.

43. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 and therefore denies them.

44. Defendant denies any participation alleged in Paragraph 44. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 44 and therefore denies them.

45. Defendant denies the allegations in Paragraph 45.

46. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 and therefore denies them.

47. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 and therefore denies them.

48. Defendant admits that Plaintiff sent Defendant a cease-and-desist letter in or about March 2025. Defendant is without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 48 and therefore denies them.

49. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 and therefore denies them.

50. Defendant denies the allegations in Paragraph 50.

51. Defendant denies the allegations in Paragraph 51.

### Defendants' Unlawful Activities

52. Defendant denies the allegations in Paragraph 52.

53. Defendant denies conduct alleged in Paragraph 53. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 53 and therefore denies them.

54. Defendant denies the allegations in Paragraph 54.

55. Defendant denies the allegations in Paragraph 55.

    (a) Defendant denies the allegations in Paragraph 55(a).
    (b) Defendant denies the allegations in Paragraph 55(b).
    (c) Defendant denies the allegations in Paragraph 55(c).

56. Defendant denies the allegations in Paragraph 56.

57. Defendant denies the allegations in Paragraph 57.

# COUNT I
## Trafficking In Circumvention Devices

58. Defendant repeats and incorporates by reference the answers to paragraphs 1 through 57 as though set forth fully herein.

59. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 and therefore denies them.

60. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60 and therefore denies them.

61. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 and therefore denies them.

62. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62 and therefore denies them.

63. Defendant denies the allegations in Paragraph 63.

64. Defendant denies the allegations in Paragraph 64.

65. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65 and therefore denies them.

66. Defendant denies the allegations in Paragraph 66.

67. Defendant denies the allegations in Paragraph 67.

68. Defendant denies the allegations in Paragraph 68.

69. Defendant denies the allegations in Paragraph 69.

70. Defendant denies the allegations in Paragraph 70.

71. Defendant denies the allegations in Paragraph 71.

## COUNT II

**Violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 et seq.**

72. Defendant repeats and incorporates by reference the answers to paragraphs 1 through 71 as though set forth fully herein.

73. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73 and therefore denies them.

74. Defendant denies the allegations in Paragraph 74.

75. Defendant denies the allegations in Paragraph 75.

76. Defendant denies the allegations in Paragraph 76.

77. Defendant denies the allegations in Paragraph 77.

## COUNT III
## Intentional Interference With Contractual Relations

78. Defendant repeats and incorporates by reference the answers to paragraphs 1 through 77 as though set forth fully herein.

79. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79 and therefore denies them.

80. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80 and therefore denies them.

81. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81 and therefore denies them.

82. Defendant denies the allegations in Paragraph 82.

83. Defendant denies the allegations in Paragraph 83.

84. Defendant denies the allegations in Paragraph 84.

85. Defendant denies the allegations in Paragraph 85.

86. Defendant denies the allegations in Paragraph 86.

87. Defendant denies the allegations in Paragraph 87.

## COUNT IV
## Unfair Competition

88. Defendant repeats and incorporates by reference the answers to paragraphs 1 through 87 as though set forth fully herein.

89. Defendant denies the allegations in Paragraph 89.

90. Defendant denies the allegations in Paragraph 90.

91. Defendant denies the allegations in Paragraph 91.

92. Defendant denies the allegations in Paragraph 92.

## PLAINTIFF'S PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any relief, including all relief described in Plaintiff's prayer for relief.

# AFFIRMATIVE DEFENSES

In further Answer to the Complaint, and without admitting any allegation thereof, Defendant asserts the following affirmative defenses. These defenses are pleaded in the alternative, and by asserting them, Defendant does not admit any allegation of the Complaint:

## FIRST AFFIRMATIVE DEFENSE
### Failure To State A Claim

1. The Complaint and each claim therein fail to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
### Lack of Personal Jurisdiction

2. Plaintiff cannot establish personal jurisdiction consistent with due process.

## THIRD AFFIRMATIVE DEFENSE
### Improper Venue

3. Venue is improper in this District under 28 U.S.C. § 1391.

## FOURTH AFFIRMATIVE DEFENSE
### Statute of Limitations

4. Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation, including but not limited to the limitations periods governing claims under 18 U.S.C. § 1030, 17 U.S.C. § 1201, and California law.

## FIFTH AFFIRMATIVE DEFENSE
### Failure to Establish Circumvention

5. The alleged software does not circumvent a technological measure that effectively controls access to a copyrighted work as required by 17 U.S.C. § 1201.

## SIXTH AFFIRMATIVE DEFENSE
### Waiver and Estoppel

6. Plaintiff's claims are barred, in whole or in part, by waiver and/or estoppel to the extent Plaintiff had knowledge of the conduct alleged and failed to timely enforce its purported rights.

## SEVENTH AFFIRMATIVE DEFENSE
### Bad Faith

7. Plaintiff's claims are barred, in whole or in part, to the extent they are pursued in bad faith, including by alleging conduct beyond what Plaintiff knew or reasonably believed to have occurred at the time of filing.

## EIGHTH AFFIRMATIVE DEFENSE
### Unclean Hands

8. The Complaint and each claim therein are barred, precluded, and/or limited by reason of Plaintiff's unclean hands.

## NINTH AFFIRMATIVE DEFENSE
### Acquiescence

9. Plaintiff's claims are barred, in whole or in part, by the doctrine of acquiescence.

## TENTH AFFIRMATIVE DEFENSE
### First Amendment

10. To the extent Plaintiff's claims seek to impose liability for protected speech, commentary, or publication, such claims are barred by the First Amendment.

## ELEVENTH AFFIRMATIVE DEFENSE
### No Willfulness

11. Without admitting any liability or infringement of any intellectual property rights, Defendant did not act willfully.

## TWELFTH AFFIRMATIVE DEFENSE
### Failure to Mitigate

12. Defendant is informed and believes, and on that basis alleges, that Plaintiff has failed to make reasonable efforts to mitigate its alleged damages. Accordingly, any recovery must be reduced to the extent of such failure.

## THIRTEENTH AFFIRMATIVE DEFENSE
### Lawful Research

13. To the extent Plaintiff seeks to impose liability based on alleged research, testing, commentary, or publication, such theories are barred or limited by applicable law, and do not establish liability under the statutes or theories pleaded.

## FOURTEENTH AFFIRMATIVE DEFENSE
### Independent Third-Party Conduct

14. Any alleged damages were caused by the independent acts of third parties over whom Defendant exercised no control, and for whose conduct Defendant cannot be held responsible.

### FIFTEENTH AFFIRMATIVE DEFENSE
### No "Effective Technological Measure"

15. The technological measures alleged by Plaintiff do not constitute "effective technological measures" that control access to a copyrighted work within the meaning of 17 U.S.C. § 1201.

### SIXTEENTH AFFIRMATIVE DEFENSE
### No Trafficking

16. Defendant did not offer, provide, distribute, import, or otherwise traffic in any technology within the meaning of 17 U.S.C. § 1201.

### SEVENTEENTH AFFIRMATIVE DEFENSE
### No Unauthorized Access

17. Alleged conduct does not constitute access "without authorization" or "exceeding authorized access" under 18 U.S.C. § 1030.

### EIGHTEENTH AFFIRMATIVE DEFENSE
### No Damage or Loss Under CFAA

18. Plaintiff has failed to plead or prove qualifying loss under 18 U.S.C. § 1030(e)(11).

### NINETEENTH AFFIRMATIVE DEFENSE
### Failure to Prove Ownership and Registration

19. Plaintiff has failed to plead or prove ownership of valid, registered copyrights applicable to the claims asserted.

**Reservation of Additional Defenses**

20. Defendant reserves the right to amend this Answer to assert additional defenses that may become apparent through discovery or otherwise.

**DEFENDANT'S PRAYER FOR RELIEF**

WHEREFORE, Defendant requests relief on Plaintiff's Complaint as follows:

1. That Plaintiff's Complaint be dismissed with prejudice, judgment entered in favor of Defendant, and Plaintiff take nothing by its Complaint.

DATED: February 16, 2026                                              RYAN J. ROTHHOLZ

                                                                                              By: /s/ Ryan J. Rothholz

**DEMAND FOR JURY TRIAL**

Defendant hereby demands a trial by jury of all issues triable to a jury.

DATED: February 16, 2026                                              RYAN J. ROTHHOLZ

                                                                                              By: /s/ Ryan J. Rothholz

CASE NO. 2:25-CV-04075 SPG