MARC E. MAYER (SBN 190969)
mem@msk.com
MARK C. HUMPHREY (SBN 291718)
mxh@msk.com
HANNAH G. SHEPHERD (SBN 347611)
hgs@msk.com
MITCHELL SILBERBERG & KNUPP LLP
2049 Century Park East, 18th Floor
Los Angeles, CA 90067-3120
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

*Attorneys for Activision Publishing, Inc.*

RYAN ROTHHOLZ
3657 Burwick Place
Antioch, TN 37013

*Appearing Pro Se*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACTIVISION PUBLISHING, INC., <br><br> Plaintiff, <br><br> v. <br><br> RYAN ROTHHOLZ a/k/a "Lerggy," "Lerg," "Lergster," "The Pimp," "Joker0699," and "Joker"; COLLIN GYETVAI a/k/a "Cid" and "CollinOnDex"; JORDAN NEWCOMBE BOOTHEY a/k/a "Bossnight55" and "Aussie"; DOE 1 a/k/a "Seemo"; DOE 2 a/k/a "CEO," "wndprochandler," and "8485"; and DOES 3 through 10, inclusive, <br><br> Defendants. | CASE NO. 2:25-cv-04075-SPG-(BFMx) <br><br> Judge: Hon. Sherilyn Peace Garnett <br><br> **JOINT RULE 26(f) REPORT** <br><br> Complaint Filed: May 7, 2025 <br><br> Responsive Pleading Filed: February 16, 2026 <br><br> Trial Date [proposed]: March 9, 2027 <br><br> Mandatory Scheduling Conference Date: April 1, 2026 <br> Time: 03:00 PM <br> Courtroom: 5C |

Mitchell
Silberberg &
Knupp LLP

21487090.2

**JOINT RULE 26(f) REPORT**

Pursuant to Federal Rule of Civil Procedure 26(f), Local Rule 26-1, and the Court's February 25, 2026, Order Setting Scheduling Conference (Dkt. 52), Plaintiff Activision Publishing, Inc. ("Plaintiff" or "Activision") and Defendant Ryan Rothholz ("Defendant") jointly submit the following Joint Rule 26(f) Report. Defaults have been entered against Defendants Collin Gyetvai and Jordan Newcombe Boothey. The Doe defendants have not appeared.

## a.    STATEMENT OF CASE

### Plaintiff's Position:

Plaintiff alleges that this action arises from the development, distribution, and sale of software products known as "Lergware" and "GameHook" (the "COD Hacks"), which Plaintiff contends were designed to circumvent anti-cheat and access-control technologies used in the Call of Duty series of video games (the "COD Games"). Plaintiff alleges that the COD Hacks allowed users to disconnect other players from multiplayer servers, crash those servers, and gain unfair competitive advantages through features such as auto-aiming ("aimbots") and opponent-detection through walls ("ESP Bots").

Plaintiff alleges that Defendant Ryan Rothholz is the primary developer and distributor of Lergware.  In June 2023 Activision sent Rothholz a cease-and-desist letter. In response, Rothholz rebranded his activities, transferred his source code to third parties, and—with the assistance of Defendants Gyetvai and Boothey—developed and distributed a new COD Hack called GameHook. Defendants sold GameHook for as much as $375 per license, and on information and belief hundreds or thousands of individuals purchased and used it to cheat in or disrupt the COD Games. After Activision issued additional cease-and-desist letters in March 2025, Defendants shuttered their public storefronts. However, Gyetvai and Boothey have continued to engage in the distribution of hacking software and disruption of COD matches.

Mitchell
Silberberg &
Knupp LLP

21487090.2

2

**JOINT RULE 26(f) REPORT**

Activision asserts four causes of action: (1) Trafficking in Circumvention Devices in violation of the DMCA, 17 U.S.C. § 1201; (2) Violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030; (3) Intentional Interference with Contractual Relations; and (4) Unfair Competition under California Business & Professions Code § 17200 et seq. Activision seeks injunctive relief, actual and statutory damages, disgorgement of Defendants' profits, punitive damages, and attorneys' fees. Defendants Gyetvai and Boothey have failed to appear, and their defaults have been entered. Rothholz has answered the Complaint.

**Defendant's Position:**

Defendant denies the material allegations of the Complaint and relies on the Answer filed in this action. Defendant denies liability under 17 U.S.C. § 1201, 18 U.S.C. § 1030, and California law; denies that he developed, distributed, or sold the alleged "COD Hacks" as described in the Complaint; and denies that Plaintiff is entitled to relief. Defendant further refers to the affirmative defenses asserted in the Answer.

**b.     SUBJECT MATTER JURISDICTION**

**Plaintiff's Position:**

Plaintiff contends that this Court has subject matter jurisdiction over Plaintiff's DMCA and Computer Fraud and Abuse Act claims pursuant to 28 U.S.C. §§ 1331 and 1338(a), as those claims arise under federal law. The Court has supplemental jurisdiction over Plaintiff's state law claims for intentional interference with contractual relations and unfair competition pursuant to 28 U.S.C. § 1367, as those claims are so related to the federal claims as to form part of the same case or controversy.

**Defendant's Position:**

Defendant does not presently contest that the Court has subject matter jurisdiction over Plaintiff's federal claims. Defendant denies liability and denies that Plaintiff is entitled to relief.

Mitchell
Silberberg &
Knupp LLP

21487090.2

3

**JOINT RULE 26(f) REPORT**

**c.    LEGAL ISSUES**

**Plaintiff's Position:**

Plaintiff contends that the principal legal issues include: (1) Whether the COD Hacks constitute "circumvention devices" within the meaning of 17 U.S.C. § 1201(a)(2), and whether Defendants' distribution and sale of those products constitutes unlawful trafficking; (2) Whether Defendants knowingly aided and abetted unauthorized access to Activision's protected servers in violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030; (3) Whether Defendants intentionally induced Activision's licensed users to breach their Terms of Use and Code of Conduct contracts, giving rise to liability for intentional interference with contractual relations; (4) Whether Defendants' conduct constitutes unlawful, unfair, or fraudulent business practices under California Business & Professions Code § 17200 et seq.; (5) The appropriate measure of actual damages, statutory damages, and/or disgorgement of Defendants' profits; and (6) Whether Activision is entitled to preliminary and permanent injunctive relief, punitive damages, and/or attorneys' fees.

**Defendant's Position:**

Defendant contends that the principal legal issues include, among others: (1) whether Plaintiff can establish that any alleged software constitutes a circumvention device within the meaning of 17 U.S.C. § 1201; (2) whether Plaintiff can establish unauthorized access, damage, or qualifying loss under 18 U.S.C. § 1030; (3) whether Plaintiff can establish the elements of its state-law claims, including contract, knowledge, causation, and damages; (4) whether Plaintiff can prove ownership of valid, registered copyrights applicable to the claims asserted; and (5) whether Plaintiff's claims are barred or limited by the defenses asserted in Defendant's Answer.

Mitchell
Silberberg &
Knupp LLP

21487090.2

4

**JOINT RULE 26(f) REPORT**

**d.    PARTIES AND EVIDENCE**

*Parties*

**Plaintiff's Position:**

Activision alleges that it is a Delaware corporation with its principal place of business in Santa Monica, California.

**Defendant's Position:**

Defendant resides in Tennessee. Plaintiff alleges that Defendant Gyetvai resides in Pennsylvania and Defendant Boothey resides in Australia. Defendant is without knowledge sufficient to confirm those allegations. The identities of Doe Defendants 1 through 10 have not yet been confirmed.

*Key Witnesses*

**Plaintiff's Position:**

Plaintiff: Based on the information presently known to Plaintiff, Plaintiff anticipates calling witnesses including, but not limited to: Activision personnel with knowledge of the COD Games' anti-cheat technologies, Terms of Use and Code of Conduct; Activision personnel with knowledge of the harm caused by the COD Hacks; and technical experts regarding the circumvention functionality of the COD Hacks. Plaintiff also anticipates calling Rothholz as a witness.

**Defendant's Position:**

Defendant identifies himself as a potential witness regarding the allegations in the Complaint, the denials and defenses asserted in the Answer, and communications referenced in the pleadings. Defendant may identify additional witnesses through discovery and supplementation.

*Key Documents*

**Plaintiff's Position:**

Plaintiff: Based on the information presently known to Plaintiffs, the following are likely to be key documents and other evidence:

1. Source code, build history, and documentation for Lergware and

Mitchell Silberberg & Knupp LLP

21487090.2

5

GameHook;

2. Communications between and among Defendants regarding development and distribution of the COD Hacks;

3. Sales records and payment data regarding Lergware and GameHook, including data from MySellAuth.com and other storefronts;

4. Discord server logs and social media communications; cease-and-desist correspondence;

5. Activision's internal records reflecting harm, anti-cheat expenditures, and player impact data.

**Defendant's Position:**

Defendant identifies, to the extent they exist and are non-privileged, communications referenced in the pleadings, documents sufficient to reflect the June 2023 and March 2025 cease-and-desist correspondence, and such other non-privileged documents as may be identified through discovery. Defendant anticipates that relevant materials may include documents concerning Plaintiff's alleged technological protection measures, attribution analyses, and damages theories, to the extent such materials are produced in discovery. Defendant may supplement as appropriate.

**e.    DAMAGES**

**Plaintiff's Position:**

Plaintiff seeks the following categories of relief:

• Actual damages in an amount to be proven at trial, which Activision estimates may amount to millions of dollars, reflecting lost player revenues, remediation costs, and harm to goodwill;

• In the alternative, statutory damages under 17 U.S.C. § 1203(c)(3)(A) of up to $2,500 per DMCA violation;

• Disgorgement of Defendants' profits attributable to the sale of the COD Hacks, including imposition of a constructive trust over such proceeds;

- Punitive and exemplary damages on Plaintiff's intentional interference and unfair competition claims;
- Attorneys' fees and costs pursuant to 17 U.S.C. § 1203(b); and
- Preliminary and permanent injunctive relief requiring Defendants to cease development and distribution of the COD Hacks and any successor products, and to deliver source code to Activision for impoundment or destruction.

The full scope of damages is not yet calculable and will depend on information obtained through discovery, including Defendants' sales records, revenue data, and financial accounts.

**Defendant's Position:**

Defendant disputes liability, disputes that Plaintiff has suffered recoverable damages as alleged, and disputes that Plaintiff is entitled to statutory damages, disgorgement, punitive damages, attorneys' fees, or injunctive relief.

**f.    INSURANCE**

**Plaintiff's Position:**

Not applicable

**Defendant's Position:**

Defendant is not aware of any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in this action.

**g.    MOTIONS**

**a.  Procedural Motions.**

**Plaintiff's Position:** Plaintiff anticipates potentially filing a motion for leave to amend its complaint to add additional defendants, should that become necessary. Plaintiff does not presently anticipate any other procedural motions.

**Defendant's Position:** Defendant does not presently anticipate any procedural motions, but may seek appropriate relief depending on discovery or other developments in the case.

Mitchell
Silberberg &
Knupp LLP

21487090.2

7

**JOINT RULE 26(f) REPORT**

**b. Dispositive Motions.**

**Plaintiff's Position:** Plaintiff anticipates filing a motion for summary judgment on all causes of action.

**Defendant's Position:** Defendant may seek dispositive relief after discovery, including summary judgment or partial summary judgment.

**c. Class Certification Motion.**

**Plaintiff's Position:** Not applicable.

**Defendant's Position:** Not applicable.

**h. MANUAL FOR COMPLEX LITIGATION**

**Plaintiff's Position:** Plaintiff does not believe the procedures contemplated by the Manual for Complex Litigation are necessary for this dispute.

**Defendant's Position:** Defendant agrees that the procedures contemplated by the Manual for Complex Litigation are unnecessary for this dispute at this time.

**i. DISCOVERY**

**a. Status of Discovery.**

The parties agreed to exchange Rule 26(a)(1) initial disclosures by March 20, 2026. Plaintiff served its first set of Requests for Production of Documents and Interrogatories on March 10, 2026. No discovery disputes are presently pending before the Court.

**b. Discovery Plan.**

**Rule 26(f)(3)(A) — Changes to the timing, form, or disclosures under Rule 26(a).**

**Plaintiff's Position:** Plaintiff contends that discovery should proceed under the default rules provided in the Federal Rules of Civil Procedure except as otherwise indicated herein.

**Defendant's Position:** Defendant agrees that discovery should proceed under the Federal Rules except as otherwise ordered by the Court or agreed by the parties.

Mitchell
Silberberg &
Knupp LLP

21487090.2

8

**JOINT RULE 26(f) REPORT**

**Rule 26(f)(3)(B) — Subjects on which discovery may be needed, whether discovery should be conducted in phases, or whether it should be limited to or focused on particular issues.**

**Plaintiff's Position:** Discovery will be needed on all factual matters relevant to the claims and defenses in this case. In particular, the parties anticipate conducting discovery on at least the following subjects:

- The development, distribution, marketing, and sale of the COD Hacks, including Lergware and GameHook;
- The manner by which the COD Hacks operate, including the manner by which they circumvent or bypass Activision's anti-cheat and access control technologies.
- The identities of all persons involved in creating or distributing the COD Hacks, or in assisting in such creation and distribution.
- Defendants' current activities and their decision not to comply with Activision's pre-litigation demands.
- Communications and correspondence concerning the COD Hacks.
- All agreements pertaining to the development, distribution, marketing and sale of the COD Hacks.
- Documents reflecting all revenue received by the Defendants in connection with the COD Hacks.
- Defendants reflecting all payments made to any third party in connection with the COD Hacks.

This will involve both party and third-party discovery. The Parties agree that discovery into these subjects is necessary to prepare for trial. The Parties do not believe that discovery should be conducted in phases or otherwise limited to particular issues.

**Defendant's Position:** Defendant contends that discovery should be directed to the claims and defenses actually pleaded and should remain

Mitchell
Silberberg &
Knupp LLP

21487090.2

9

**JOINT RULE 26(f) REPORT**

proportional to the needs of the case. Defendant contends that relevant discovery may include, among other subjects, Plaintiff's alleged technological protection measures and anti-cheat or access-control systems relevant to the claims; Plaintiff's internal analyses, logs, telemetry, and other materials allegedly used to identify, attribute, or connect Defendant to the conduct or software alleged in the Complaint; Plaintiff's internal communications concerning investigation and attribution; and Plaintiff's alleged damages, causation theories, and remediation efforts. Defendant does not presently request phased discovery, but may seek reasonable limits if necessary.

**Rule 26(f)(3)(C) — Issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.**

**Plaintiff's Position:** Plaintiff will agree to an ESI order that ensures readability and preserves relevant metadata

**Defendant's Position:** Defendant agrees that documents and ESI should be produced in reasonably usable form, but does not agree by this statement to any particular source, scope, or format beyond what is required by the Federal Rules and any later agreement or court order.

**Rule 26(f)(3)(D) — Any issues about claims of privilege or of protection as trial-preparation materials, including whether to ask the Court to include any agreement in an order under Federal Rule of Evidence 502.**

**Plaintiff's Position:** Plaintiff proposes that privileged communications with litigation counsel post-dating the filing of the Complaint need not be included on a privilege log.

**Defendant's Position:** Defendant agrees that privileged communications with litigation counsel post-dating the filing of the Complaint need not be included on a privilege log. The parties further anticipate conferring regarding any

Mitchell
Silberberg &
Knupp LLP

21487090.2

10

**JOINT RULE 26(f) REPORT**

additional agreed limitations on privilege logging and whether to seek an order under Federal Rule of Evidence 502(d).

**Rule 26(f)(3)(E) — What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.**

**Plaintiff's Position:** None presently requested.

**Defendant's Position:** Defendant does not presently request any change to the default numerical limitations in the Federal Rules and contends that discovery should remain limited to nonprivileged matter relevant to the claims and defenses, proportional to the needs of the case, and otherwise governed by the Federal Rules.

**Rule 26(f)(3)(F) — Any other orders that the Court should issue under Rule 26(c) or under Rule 16(b) and (c).**

**Plaintiff's Position:** Plaintiff anticipates that this action may involve confidential materials and anticipates proposing a stipulated protective order.

**Defendant's Position:** Defendant agrees that, if confidential materials are sought in discovery, a stipulated protective order may be appropriate.

### c. Discovery Cut-Off.

The parties propose a Fact Discovery Cut-Off of October 14, 2026.

### d. Expert Discovery.

The parties propose an Expert Discovery Cut-Off of November 18, 2026.

### e. Settlement Conference/Alternative Dispute Resolution (ADR).

The parties jointly request a settlement conference with the Magistrate Judge.

### f. Trial.

#### i. Trial Estimate.

The parties estimate that trial will take 3–5 days.

#### ii. Jury or Court Trial.

Jury trial.

Mitchell
Silberberg &
Knupp LLP

21487090.2

11

### iii.   Consent to Trial Before a Magistrate Judge.

No.

### iv.   Lead Trial Counsel.

Marc E. Mayer for Plaintiff; Ryan Rothholz for Defendant.

### g.  Independent Expert or Master.

The parties do not believe that an independent expert or special master is necessary at this time.

### h.  Other Issues.

None presently identified.

DATED: MARCH 18, 2026        MARC E. MAYER
                             MARK C. HUMPHREY
                             MITCHELL SILBERBERG & KNUPP LLP


                             By: */s/ Marc E. Mayer*
                                 Marc E. Mayer (SBN 190969)
                                 Mark C. Humphrey (SBN 291718)
                                 Hannah G. Shepherd (SBN 347611)
                                 Attorneys for Activision Publishing, Inc.


DATED: MARCH 18, 2026        RYAN ROTHHOLZ


                             By: */s/ Ryan Rothholz*
                                 Ryan Rothholz
                                 Appearing Pro Se

### Attestation Regarding Signatures-Local Rule 5-4.3.4(a)(2)(i)

I, Marc E. Mayer, attest that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: MARCH 18, 2026                          */s/ Marc E. Mayer*
                                               Marc E. Mayer

Mitchell
Silberberg &
Knupp LLP

21487090.2

12

**JOINT RULE 26(f) REPORT**

# EXHIBIT A

## JUDGE SHERILYN PEACE GARNETT
### SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET

*Please complete this worksheet jointly and file it with your Joint Rule 26(f) Report.*
***The Court ORDERS the parties to make every effort to agree on dates.***

| Case No. 2:25-cv-04075-SPG-BFM | Case Name: Activision Publishing, Inc., vs. Ryan Rothholz a/k/a Lerggy, et. al. | | |
|---|---|---|---|
| **Trial and Final Pretrial Conference Dates** | | **Parties' Joint Date mm/dd/yyyy** | **Court Order** |
| Check one: ☑ Jury Trial or ☐ Court Trial ☐] Magistrate Judge (***Tuesday*** at 8:30 a.m., within 12 months of Scheduling Conference) Estimated Duration: 3-5 Days | | 03/09/2027 | ☐ Jury Trial ☐ Court Trial |
| Final Pretrial Conference ("FPTC") [L.R. 16] **(Wednesday at 3:00 p.m., at least 18 days before trial)** | | 02/17/2027 | |
| **Event [1]** **Note:** Hearings shall be on **Wednesday** at 1:30pm Other dates can be any day of the week | **Weeks Before FPTC[2]** | **Parties' Joint Date mm/dd/yyyy** | **Court Order** |
| Last Date to <u>Hear</u> Motion to Amend Pleadings / Add Parties [Wednesday] | 24 | 09/02/2026 | |
| Fact Discovery Cut-Off (No later than deadline for filing dispositive motion) | 18 | 10/14/2026 | |
| Expert Disclosure (Initial) | 16 | 10/28/2026 | |
| Expert Disclosure (Rebuttal) | 14 | 11/12/2026 | |
| Expert Discovery Cut-Off | 13 | 11/18/2026 | |
| Last Date to <u>Hear</u> Motions[3] • Motions due at least 4 weeks before hearing; • Opposition due at least 3 weeks before hearing; • Reply due at least 2 weeks before hearing. | 12 | 11/18/2026 | |
| Last Date to <u>Hear</u> *Daubert* Motions | 8 | 12/16/2026 | |
| Deadline to Complete Settlement Conference [L.R. 16-15] *Select* one: ☑ 1. Magistrate Judge *(with Court approval)* ☐ 2. Court's Mediation Panel ☐ 3. Private Mediation | 5 | 01/13/2027 | ☐ 1. Mag. J. ☐ 2. Panel ☐ 3. Private |
| **Trial Filings (first round)** • Motions *In Limine* (except *Daubert*) • Memoranda of Contentions of Fact and Law [L.R. 16-4] • Witness Lists [L.R. 16-5] • Joint Exhibit List [L.R. 16-6.1] • Joint Status Report Regarding Settlement • Proposed Findings of Fact and Conclusions of Law [L.R. 52] (court trial only) • Declarations containing Direct Testimony, if ordered (court trial only) | 4 | 01/20/2027 | |
| **Trial Filings (second round)** • Oppositions to Motions in Limine • Joint Proposed Final Pretrial Conference Order [L.R. 16-7] • Joint/Agreed Proposed Jury Instructions (jury trial only) • Disputed Proposed Jury Instructions (jury trial only) • Joint Proposed Verdict Forms (jury trial only) • Joint Proposed Statement of the Case (jury trial only) • Proposed Additional Voir Dire Questions, if any (jury trial only) • Evidentiary Objections to Declarations. of Direct Testimony (court trial only) | 2 | 02/03/2027 | |

[1] Once issued, this "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)4.

[2] The numbers below represent the Court's recommended timeline. The parties may propose alternate dates based on the needs of each individual case. Class Actions and ERISA cases may need to vary from the above.

[3] Before filing Rule 56 motions, parties must review and comply with the Court's Standing Order for MSJ, which sets forth the briefing schedule and specific requirements for joint briefing and filing such motions.

**14**