NOTE CHANGE MADE BY THE COURT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ACTIVISION PUBLISHING, INC.,

Plaintiff,

v.

RYAN ROTHHOLZ a/k/a "Lerggy," "Lerg," "Lergster," "The Pimp," "Joker0699," and "Joker"; COLLIN GYETVAI a/k/a "Cid" and "CollinOnDex"; JORDAN NEWCOMBE BOOTHEY a/k/a "Bossnight55" and "Aussie"; DOE 1 a/k/a "Seemo"; DOE 2 a/k/a "CEO," "wndprochandler," and "8485"; and DOES 3 through 10, inclusive,

Defendants.

CASE NO. 2:25-cv-04075-SPG-(BFMx)

[Referred to Magistrate Judge Brianna Fuller Mircheff]

**PROTECTIVE ORDER GOVERNING PRODUCTION OF IDENTIFYING INFORMATION BY X CORP. PURSUANT TO SUBPOENA**

Filed: May 7, 2025

# PROTECTIVE ORDER

The Court has read and reviewed the Stipulation between Plaintiff Activision Publishing, Inc. ("Plaintiff") and non-party X Corp. ("X Corp.") pertaining to the production of certain material pursuant to a subpoena issued by Plaintiff in the above-entitled action (the "Subpoena").

The Court understands that pursuant to Federal Rule of Civil Procedure 45 and applicable federal law, X Corp. has agreed to produce data that is limited to basic subscriber information ("BSI"), including IP logs, that it has concluded that it may permissibly produce under the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510 *et seq*., including the Stored Communications Act, 18 U.S.C. §§ 2701 *et seq*. ("SCA"), to the extent it exists and is reasonably accessible. The Court understands that Plaintiff and X Corp. have agreed that by way of the Subpoena, Plaintiff is seeking only the name, addresses, email address, phone number, and IP logs associated with certain specific X accounts (@lergware and @VortexThaCoder), to the extent such data exists and is included in BSI (the "Identifying Information"). The Court also understands that X Corp. has concluded that production of the Identifying Information is appropriate in this circumstance.

It HEREBY IS ORDERED that the production of Identifying Information by X Corp. pursuant to the Subpoena shall be governed by the following terms:

1. <u>SCOPE OF PROTECTIVE ORDER</u>

The Identifying Information may not be used in any criminal proceeding. The Identifying Information produced in accordance with this Protective Order must be used solely for purposes of this civil proceeding against the Anonymous Individuals, and shall not be disclosed to or discussed with any person other than: (i) employees of Plaintiff; (ii) affiliates of Plaintiff that execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as **Exhibit A**; (iii) the undersigned counsel for Plaintiff; (iv) any fact or expert witnesses in this civil proceeding; (v)

certified court reporters and their support personnel involved in taking testimony in this civil proceeding by any means including, without limitation, by videotape; (vi) the Court and any person employed by the Court whose duties require access to any Identifying Information; (viii) defendant Ryan Rothholz, upon his execution of the "Agreement to Be Bound" that is attached hereto as **Exhibit A**; and (vii) any other person to whom X Corp. agrees in writing.

2. DURATION OF PROTECTIVE ORDER

Even after final disposition of this civil proceeding, the confidentiality obligations imposed by this Order shall remain in effect until X Corp. agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this civil proceeding, with or without prejudice; and (2) final judgment hereinafter the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this civil proceeding, including the time limits for filing any motions or applications for extension of time under applicable law.

3. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If Plaintiff learns that, by inadvertence or otherwise, it has disclosed any Identifying Information to any person or in any circumstance not authorized under this Stipulated Protective Order, Plaintiff must immediately (a) notify X Corp. in writing of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Identifying Information, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as **Exhibit A**.

4. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

The inadvertent production by X Corp. of documents or information subject to the attorney-client privilege, work-product protection, or any other applicable

privilege or protection, will not waive the applicable privilege and/or protection. When X Corp. gives notice to Plaintiff that certain inadvertently produced material is subject to a claim of privilege or other protection, Plaintiff's obligations are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.

**Any individual or entity affected by this Order may seek a court order modifying this Order at any time.**

**IT IS SO ORDERED.**

DATED: August 3, 2026

Honorable Biranna Fuller Mircheff
United States Magistrate Judge

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, ______________________________ [print or type full name], of _________________ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of *Activision Publishing, Inc. v. Ryan Rothholz a/k/a "Lerggy" et al.*, Case No. 2:25-cv-04075-SPG-BFM. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint ______________________ [print or type full name] of ____________________________________ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: ________________________________________

City and State where sworn and signed: ___________________________________

Printed name: _________________________________

Signature: ___________________________________