MARC E. MAYER (SBN 190969)
mem@msk.com
MARK C. HUMPHREY (SBN 291718)
mxh@msk.com
MITCHELL SILBERBERG & KNUPP LLP
2049 Century Park East, 18th Floor
Los Angeles, CA 90067-3120
Tel: (310) 312-2000 Fax: (310) 312-3100

MARISSA B. LEWIS (*Pro Hac Vice*)
mbl@msk.com
MITCHELL SILBERBERG & KNUPP LLP
437 Madison Ave, 25th floor
New York, NY 10022
Phone: (212) 509-3900

Attorneys for Activision Publishing, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACTIVISION PUBLISHING, INC.,<br><br>Plaintiff,<br><br>v.<br><br>RYAN ROTHHOLZ a/k/a "Lerggy," "Lerg," "Lergster," "The Pimp," "Joker0699," and "Joker"; COLLIN GYETVAI a/k/a "Cid" and "CollinOnDex"; JORDAN NEWCOMBE BOOTHEY a/k/a "Bossnight55" and "Aussie"; DOE 1 a/k/a "Seemo"; DOE 2 a/k/a "CEO," "wndprochandler," and "8485"; and DOES 3 through 10, inclusive,<br><br>Defendants. | CASE NO. 2:25-CV-04075-SPG-(BFM*x*)<br><br>Judge: Hon. Sherilyn Peace Garnett<br><br>***EX PARTE* APPLICATION OF ACTIVISION PUBLISHING, INC. FOR INTERIM RELIEF REGARDING DEADLINES FOR BRIEFING AND HEARING ON MOTION FOR SUMMARY JUDGMENT**<br><br>[Declaration of Marc E. Mayer and [Proposed] Order Submitted Concurrently Herewith] |

By this *ex parte* application, Plaintiff Activision Publishing, Inc. ("Activision") seeks a ***brief, three-week interim extension*** of the Court's dispositive motion deadline—from November 18, 2026 to ***December 9, 2026***—and corresponding briefing schedule—extending the opposition deadline from October 16, 2026 to ***November 6, 2026***—in order to allow the Court to decide certain pending motions (including a motion for discovery sanctions), accommodate scheduling conflicts, and avoid severe prejudice to Activision and its counsel.

This *ex parte* application is necessary because the Court has not yet ruled on Activision's August 25, 2026, *ex parte* application to extend the pre-trial schedule by 90 days (Dkt. No. 103). As set forth in the August 25 *ex parte* application, Activision cannot proceed on the current pre-trial schedule due to defendant Ryan Rothholz's perjury and discovery misconduct, through which he has prevented Activision from obtaining any of his relevant documents and information. ***If the Court promptly grants that pending application (which is fully briefed), this application will be moot***. However, if the Court denies or does not promptly rule on that pending application, Activision will be severely prejudiced by the current schedule. A slight schedule modification is necessary to alleviate at least some of that prejudice.

Good cause exists for the requested extension and schedule adjustment. Under the current Scheduling Order (issued on June 2, 2026) (Dkt. No. 60), the fact discovery cut-off is ***October 14, 2026***, and the last date to hear motions is ***November 18, 2026***. Under the Court's Standing Order for Summary Judgment Motions (Dkt. No. 59), parties moving for summary judgment must meet and confer 60 calendar days before the motion hearing deadline; the moving party must serve its portion of a joint brief 14 days later; and the opposing party must serve its portion of the joint brief 14 days after that date. On September 18, 2026, the parties conducted their meet and confer, and Defendant Ryan Rothholz ("Rothholz") advised Activision that he intends to file a summary judgment motion addressing every element of every claim asserted in the initial Complaint (and claiming that Activision has failed to adduce sufficient

evidence of his misconduct). Thus, under the current schedule, the deadlines are as follows:

Service of Rothholz's Motion: October 2, 2026
Discovery Cut-off: October 14, 2026
Service of Activision's Opposition: October 16, 2026
Filing of Joint Brief: October 21, 2026
Initial Expert Disclosure: October 28, 2026

On August 25, 2026, Activision filed an *ex parte* application requesting a 90-day modification of the pre-trial schedule. (Dkt. No. 103). As set forth in that application, Activision contends that good cause exists for such modification because, despite Activision's diligence and best efforts, it has been unable to complete discovery (and accordingly requires additional time to complete its expert reports and brief dispositive motions) due to Rothholz's intentional spoliation and concealment of evidence and other discovery misconduct. Additionally, two motions are pending that should be resolved before the discovery cut-off and summary judgment deadlines:

(1) Activision's Motion for Leave to file an Amended Complaint, which was filed on August 5, 2026 (Dkt. No. 77), has been fully briefed (Dkt. Nos. 95-97), and was scheduled for hearing on September 2, 2026 but has been taken under submission on August 28, 2026 (Dkt. No. 105); and

(2) Activision's Motion for Sanctions, which was filed on September 1, 2026 (Dkt. No. 111), has been fully briefed (Dkt. Nos. 124-129), and was scheduled for hearing on September 29, 2026 but has been rescheduled for October 6, 2026 (Dkt. No. 130).

Both of these motions could have a significant impact on any dispositive motion, and on the case as a whole. Indeed, because leave has not yet been granted to file an Amended Complaint, under the current schedule, the parties are now required to engage in summary judgment briefing on claims that will be superseded. Meanwhile, Rothholz is attempting to leverage his discovery misconduct into a

summary judgment motion by withholding all of his documents until the discovery cut-off and summary judgment deadline passes.

The Court has not yet ruled on Activision's *ex parte* application to modify the pre-trial schedule by 90 days. ***If the Court promptly grants Activision's pending ex parte application, this application will be moot.*** However, under the current schedule, Activision will receive Rothholz's summary judgment motion on October 2, 2026 (just over one week from today), and will only have 14 days (until October 16, 2026) to respond. While Activision believes that its due process rights will have been compromised without a substantial scheduling modification, it nevertheless will respond to Rothholz's motion (which necessarily will be without factual or legal merit) even without an Amended Complaint or the discovery that Rothholz has withheld. However, while the Court considers Activision's pending *ex parte* application, Activision hereby requests that the Court provide Activision with immediate relief from the current schedule in the form of a modest ***three-week extension*** of the summary judgment briefing schedule and hearing deadline. Activision makes this request for the following reasons:

***First***, Activision's counsel has a scheduling conflict during the 14-day response period. Specifically, both Mr. Mayer and Ms. Lewis will be participating in the Games Law Summit in Porto, Portugal during the week of October 4, 2026. Mr. Mayer is scheduled to give a keynote presentation on October 7, and must arrive early in order to attend client meetings and speak at a workshop for international in-house counsel for several interactive entertainment studios. Mr. Mayer is then scheduled to remain in Portugal during the week of October 12 for a long-planned (and pre-paid) vacation to celebrate his 25th wedding anniversary and the departure of his youngest son for college. Without the requested extension, it may be necessary for counsel to alter these plans, find a replacement speaker, forego client meetings, and/or cancel a vacation (at a personal cost of several thousand dollars). In all events, Activision will be prejudiced if it is required to prepare a response to an omnibus summary judgment

motion during this two-week period. A brief three-week extension will alleviate this prejudice and provide sufficient time for Activision to prepare its response to Rothholz's motion. Activision has asked Rothholz to stipulate to this brief extension, but he has refused, stating that because he is the defendant in this action (and not a lawyer) he need not agree to provide counsel with basic professional courtesies or accommodations.

***Second***, Activision's Motion for Sanctions was just re-scheduled from its noticed hearing date of September 29, 2026, to a new hearing date of October 6, 2026—which also falls during the time that Mr. Mayer and Ms. Lewis will be in Portugal. The Motion for Sanctions seeks relief in the form of terminating sanctions and/or evidentiary preclusion sanctions. Such relief could significantly impact Activision's burden on summary judgment (and may even entitle Activision to summary judgment on certain of the claims). But even if the Magistrate Judge grants the Motion for Sanctions in its entirety at the hearing, an award of terminating or evidentiary sanctions must be approved by the Court, which is unlikely to happen before the current deadline (October 16) for Activision to respond to Rothholz's summary judgment motion. It also is possible that the Magistrate Judge could order Rothholz to produce additional documents or sit for an additional deposition. A three-week extension would at least allow the parties to gain a better understanding of the status of discovery before being required to engage in summary judgment briefing.

***Third***, Activision has a deposition scheduled for October 14 of a third-party witness, Dominick Grimes (a/k/a Skysserpent). Grimes is one of the individuals recruited by Rothholz to act as reseller of his GameHook software product. Grimes' testimony will have a direct bearing on the motion for summary judgment. The requested extension would enable Activision to complete the deposition and incorporate Grimes' testimony into its opposition. Without the requested extension, it may not be possible for Activision to obtain the deposition transcript in time to incorporate the testimony into its opposition.

***Fourth***, Rothholz apparently intends to argue in his motion that the software at issue does not circumvent Activision's technical protection measures and does not send unauthorized instructions or code to a protected server. These are complicated technical issues that are being analyzed by Activision's experts (to the extent the experts have been able to obtain and analyze Rothholz's mutliple software products, which – as set forth in the Sanctions Motion -- Rothholz has refused to provide and apparently destroyed in response to Activision's claims). However, the expert disclosure deadline is ***October 28, 2026***—nearly two weeks ***after*** Activision's opposition must be served, and one week after the joint brief must be filed. Activision should not be required to oppose Rothholz's motion before its experts have been disclosed.

Accordingly, Activision respectfully requests that the Court promptly grant its pending *ex parte* application to extend the pre-trial schedule by 90 days (Dkt. No. 103). However, if the Court declines to do so or requires additional time to consider that application, Activision requests that the Court:

1. Continue the last date to hear motions for summary judgment from November 18, 2026 to ***December 9, 2026***; and
2. Adjust the briefing schedule on Rothholz's anticipated motion, such that:
    a. Rothholz (if he chooses to file his motion) shall have until ***September 2, 2026*** to serve its portion of the joint brief, and
    b. Activision shall have until ***November 6, 2026*** to serve its portion of the joint brief.
    c. Rothholz shall then have until ***November 11, 2026*** to file the joint brief and related documents.

On September 18, 2026, Activision gave Rothholz notice of its intent to file this Application. Rothholz refused to stipulate to the requested relief and advised Activision that he intends to oppose the application.

DATED: September 24, 2026

MITCHELL SILBERBERG & KNUPP LLP

By: /s/ Marc E. Mayer
Marc E. Mayer (SBN 190969)
Marissa B. Lewis (*Pro Hac Vice*)
Mark C. Humphrey (SBN 291718)
Attorneys for Activision Publishing, Inc.

**Certificate of Compliance-L.R.11-6.2.**

The undersigned, counsel of record for Activision Publishing, Inc., certifies that this brief contains 1,622 words, which complies with the word limit of L.R. 11-6.1.

DATED: September 23, 2026

*/s/ Marc E. Mayer*
Marc E. Mayer