RYAN J. ROTHHOLZ
rrothholz@aol.com
3657 Burwick Place
Antioch, TN 37013-2553
Telephone: (646) 866-9554
*Defendant, Appearing Pro Se*

FILED
CLERK, U.S. DISTRICT COURT
10/22/2026
CENTRAL DISTRICT OF CALIFORNIA
BY GSA DEPUTY
DOCUMENT SUBMITTED THROUGH THE ELECTRONIC DOCUMENT SUBMISSION SYSTEM

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ACTIVISION PUBLISHING, INC.,

Plaintiff,

v.

RYAN ROTHHOLZ a/k/a "Lerggy," "Lerg," "Lergster," "The Pimp," "Joker0699," and "Joker"; COLLIN GYETVAI a/k/a "Cid" and "CollinOnDex"; JORDAN NEWCOMBE BOOTHEY a/k/a "Bossnight55" and "Aussie"; DOE 1 a/k/a "Seemo"; DOE 2 a/k/a "CEO," "wndprochandler," and "8485"; and DOES 3 through 10, inclusive,

Defendants.

CASE NO. 2:25-CV-04075-SPG-BFM

The Honorable Sherilyn Peace Garnett

**NOTICE OF MOTION AND MOTION TO DISMISS NEW CLAIMS AND THEORIES IN FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**

First Amended Complaint Filed: October 12, 2026

Hearing Date: December 2, 2026

Hearing Time: 1:30 PM

**TO THE CLERK OF THE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**:

**PLEASE TAKE NOTICE** that on December 2, 2026, at 1:30 p.m., or as soon thereafter as the matter may be heard, in Courtroom 5C before the Honorable Sherilyn Peace Garnett, Defendant Ryan J. Rothholz, appearing pro se, will move under Federal Rule of Civil Procedure 12(b)(6) to dismiss Count III (California Penal Code section 502) and Count V (breach of contract) of Plaintiff's First Amended Complaint (ECF No. 140). Defendant also seeks dismissal of the newly asserted basis for liability under Count II (18 U.S.C. section 1030) insofar as it relies on allegations that Defendant personally accessed Activision's game servers. The motion is based on the accompanying memorandum of points and authorities and the pleadings and orders of record.

This motion is confined to claims and theories newly pleaded in the First Amended Complaint. Defendant acknowledges the Court's prior denial of his motion to dismiss the original Complaint. ECF No. 50. He does not seek reconsideration of that ruling as to Plaintiff's DMCA claim or its previously pleaded CFAA conspiracy theory. Instead, Defendant challenges the legal sufficiency of the new claims and direct-access allegations, including those in paragraphs 43, 89-94, 95-101, and 112-117 of the First Amended Complaint.

DATED: OCTOBER 21, 2026 RYAN J. ROTHHOLZ

By: _/s/ Ryan J. Rothholz_
Ryan J. Rothholz
Appearing Pro Se

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff's First Amended Complaint adds two causes of action, under California Penal Code section 502 and for breach of contract, and expands its CFAA claim to allege Defendant's personal access to Activision's servers. FAC paragraphs 43, 89-101, 112-117. Defendant challenges the legal sufficiency of those newly asserted claims and theories under Rule 12(b)(6).

The Court previously denied Defendant's motion to dismiss the original Complaint and subsequently granted Plaintiff leave to amend. ECF Nos. 50, 138. Defendant does not seek reconsideration of those rulings. The issue presented is whether the amended allegations, accepted as true for purposes of this motion, satisfy the distinct statutory and contractual elements necessary to establish the newly asserted grounds for liability.

## II. LEGAL STANDARD

To survive a motion under Rule 12(b)(6), a complaint must allege sufficient facts to state a plausible claim for relief. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). The Court accepts well-pleaded factual allegations as true but need not accept legal conclusions unsupported by factual allegations. Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). Defendant's motion concerns whether the newly pleaded allegations establish the elements of the claims asserted, not whether Plaintiff can ultimately prove those allegations.

## III. ARGUMENT

### A. The Motion Addresses Only Matters Newly Pleaded in the First Amended Complaint

Defendant challenges only the claims and theories newly asserted in the First Amended Complaint ("FAC"). Defendant does not seek reconsideration of

ECF No. 50 or revival of previously adjudicated defenses prohibited by Rule 12(g)(2). See In re Apple iPhone Antitrust Litigation, 846 F.3d 313, 317-20 (9th Cir. 2017). Although ECF No. 138 permitted amendment, that ruling did not finally determine whether the newly asserted claims satisfy Rule 12(b)(6). Nothing in this motion constitutes an admission of Plaintiff's allegations.

**B. <u>The Alleged Personal Access Does Not Independently Establish Direct CFAA Liability</u>**

The FAC alleges that Defendant created Call of Duty accounts, accepted Plaintiff's Terms of Use, and accessed game servers following alleged revocations. FAC paragraph 43. Even assuming these allegations solely for purposes of Rule 12(b)(6), unauthorized access alone does not establish every element of 18 U.S.C. section 1030(a).

Sections 1030(a)(5)(B) and (C) require unauthorized access resulting in statutorily defined damage, with subsection (C) additionally requiring loss. Section 1030(a)(5)(A) separately addresses knowing transmissions intentionally causing unauthorized damage. Alleged violations of contractual restrictions, without more, do not establish CFAA liability. Facebook, Inc. v. Power Ventures, Inc., 844 F.3d 1058, 1067-68 (9th Cir. 2016).

Although paragraph 89 collectively alleges unauthorized access and harmful transmissions, it does not distinguish the alleged impairment resulting from Defendant's purported personal account activity from harm attributed to other alleged conduct. Paragraph 92 likewise attributes aggregated losses to Defendants collectively.

Defendant does not seek reconsideration of ECF No. 50's determination that the previously alleged disruptions plausibly constituted statutory damage. Rather, Defendant challenges whether the newly alleged personal-access theory independently satisfies the requisite elements of an identified CFAA offense and section 1030(g).

### C. Count III Fails to Adequately Connect Defendant's Alleged Conduct to the Requirements of California Penal Code Section 502

The FAC alleges violations of California Penal Code section 502(c) through purported unauthorized access, disruption, development, and distribution of software. FAC paragraphs 95-101.

Sections 502(c)(5) and (c)(7) require knowing conduct without permission involving disruption or access, including conduct allegedly caused through others. The alleged development or promotion of software does not, standing alone, establish every element of either violation.

Paragraph 97 combines alleged conduct attributed collectively to Defendants with separate accusations against Gyetvai. Paragraph 98 similarly attributes alleged injuries collectively without distinguishing the statutory conduct allegedly causing them.

Defendant challenges whether these allegations plausibly establish a qualifying violation attributable to him, directly or indirectly, and resulting damage or loss by reason of that violation as required by section 502(e)(1).

### D. Count V Does Not Adequately Connect the Alleged Contractual Obligations to Defendant's Accused Conduct

California law requires an enforceable contract, performance or excuse, breach, and resulting damages. Oasis West Realty, LLC v. Goldman, 51 Cal.4th 811, 821 (2011).

The FAC alleges that Defendant assented to Plaintiff's Terms of Use and subsequently breached unspecified applicable obligations through the accused conduct. FAC paragraphs 43, 113-117. Defendant disputes these allegations.

Paragraph 116 collectively characterizes the accused conduct as continuing contractual breaches without adequately distinguishing the contractual obligations allegedly applicable when each purported breach occurred. Conduct preceding an

alleged agreement cannot independently constitute a breach of that subsequently formed agreement.

Although paragraph 117 alleges compensatory losses, the claimed injuries are attributed generally to Defendants' accused activities rather than distinguished by an alleged contractual breach attributable to Defendant.

Defendant recognizes that California Civil Code section 3360 permits nominal damages for a proven breach. The challenge therefore concerns whether Plaintiff has plausibly alleged an applicable contractual duty and actionable breach, not merely the absence of quantified damages.

## IV. CONCLUSION

Defendant respectfully requests dismissal of Counts III and V for failure to adequately plead the necessary statutory or contractual elements and causal connections. Defendant further requests dismissal of the newly asserted direct-access basis under Count II insofar as it fails to state an independently sufficient CFAA violation.

Alternatively, Defendant requests such narrower relief as the Court determines appropriate. Nothing in this motion constitutes an admission of Plaintiff's allegations or a request to reconsider ECF No. 50.

DATED: OCTOBER 21, 2026 RYAN J. ROTHHOLZ

By: */s/ Ryan J. Rothholz*
Ryan J. Rothholz
Appearing Pro Se

## CERTIFICATE OF COMPLIANCE WITH L.R. 11-6.2

The undersigned, Defendant Ryan J. Rothholz, appearing pro se, certifies that this brief contains 1,290 words, which complies with the word limit of L.R. 11-6.1.

DATED: OCTOBER 21, 2026

RYAN J. ROTHHOLZ

By: *\/s/ Ryan J. Rothholz*
Ryan J. Rothholz